FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 26 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELVIRA PONCE,

              Plaintiff,

- against -

480 EAST 21ST STREET, LLC, M.P. MANAGEMENT, LLC, MORRIS PILLER, and FREDDY TAVARES,

              Defendants.

Case No.: CV 12-4828

**COMPLAINT**

SUMMONS ISSUED
GLASSER, J.
AZRACK, M.J.

Plaintiff ELVIRA PONCE, through her counsel Law offices of Steven J. Moser, P.C., hereby complains as follows:

**PARTIES AND JURISDICTION**

1. This is a housing discrimination and retaliation claim brought pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, et seq., specifically §§ 3604(b), 3613(c), and 3617, and Title 8, chapter 1, of the Administrative Code of the City of New York, N.Y.C. Admin. Code § 8-101 *et seq.*, as amended, specifically Code §§ 8-107[5](a), 8-107[7] and 8-502. (hereafter the "City Law"). The plaintiff also brings this action under New York State Common Law for intentional assault.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1343.

3. This Court has supplemental jurisdiction over Plaintiffs' City Law claims and State Common Law Claims pursuant to 28 U.S.C. § 1367

4. Venue is proper in this district based on the general venue statute, 28 U.S.C. § 1391.

## FACTS

5. The plaintiff has resided at 480 East 21st Street, Apt F7, in Brooklyn, New York (the Apartment) for approximately 13 years.

6. The defendant 480 East 21st Street, LLC is the owner of the building in which the plaintiff resides.

7. The defendant M.P. Management, LLC is the managing agent of 480 East 21st Street.

8. The defendant Morris Piller is a principal and owner of both 480 East 21st Street, LLC and M.P. Management, LLC, and at all times acted on behalf of these entities.

9. This is a sexual harassment and unlawful retaliation case. For at least the past 5 years, the defendant Freddy Tavares, the superintendent of 480 East 21st Street, has repeatedly made unwanted sexual advances and has subjected the plaintiff to sexually explicit and humiliating comments about her anatomy.

10. On or about November 15, 2011, as the plaintiff was bending over to place garbage in a trash disposal located in the common hallway of her building, Freddy Tavares intentionally touched the plaintiff's buttocks for the purpose of gratifying his sexual desires and humiliating and degrading the plaintiff.

11. A confrontation ensued between the plaintiff and Mr. Tavares in which the plaintiff sustained bruises to her arms.

12. The plaintiff called 9-1-1 and made a complaint against Freddy Tavares.

13. After November 15, 2011, despite the Morris Piller's knowledge of Mr. Tavares' actions, Mr. Piller did not discipline, suspend, or terminate Mr. Tavares.

14. On almost a daily basis since November 15, 2011 plaintiff has been subjected to the repeated trauma and insult of seeing Mr. Tavares in and around the building in which she resides.

15. In retaliation against the plaintiff for defending herself from the assault perpetrated by Freddy Tavares, and in retaliation for the plaintiff's legitimate complaints of sexual harassment and abuse, 480 East 21st Street, LLC and MP Management, LLC have made repeated threats and taken actions to evict the plaintiff.

16. For example, on January 24, 2012, MP Management, LLC wrote a letter to Alberto A. Harris, the plaintiff's common law husband, stating "Due to the incident which occurred with the super, Freddy, on November 15, 2011 in which precinct 070 was involved, we regret to inform you that we will not renew your lease. You are expected to return the apartment keys by January 31st 2012, otherwise we will be forced to commence a holdover against you."

17. This letter was signed by the defendant Morris Piller.

## Count I

### Violation of the Fair Housing Act – Discrimination

18. Plaintiff repeats the above paragraphs.

19. The Apartment is a "dwelling" within the meaning of 42 U.S.C. §3604(b), as defined by 42 U.S.C. § 3602(h).

20. The defendants' actions herein constitute discrimination on the basis of sex in violation of 42 U.S.C. §3604(b).

21. The defendants' actions herein constitute discriminatory practices pursuant to 42 U.S.C. §3602(f).

22. The actions of the defendants were intentional, willful, and taken in disregard for the rights of the plaintiff.

3

23. The plaintiff is an aggrieved person as defined in §42 U.S.C. §3602(i), and has suffered damages as a result of the Defendants' described conduct.

## Count II

### Violation of the Fair Housing Act - Retaliation

24. Plaintiff repeats the above paragraphs.

25. The plaintiff's acts of calling 9-1-1 and reporting the matter to the 70th precinct of the New York City Police Department constitute protected activity under the Fair Housing Act and more specifically 42 U.S.C. §3617.

26. Defendants were aware of this activity.

27. Defendant's actions as described herein taken after the plaintiff's protected activity were motivated by the plaintiff's protected activity.

28. Defendant's acts as described herein constitute unlawful retaliation under 42 U.S.C. §3617.

## Count III

### Violation of the City Law - Discrimination

29. Plaintiff repeats the above paragraphs.

30. The Apartment is a "housing accomodation" within the meaning of N.Y.C. Admin. Code §§ 8-102(10) and 8-107[5].

31. The defendants' actions as previously described herein constitute discrimination on the basis of gender in violation of N.Y.C. Admin. Code § 8-107[5](2).

## Count IV

### Violation of the Fair Housing Act - Retaliation

32. The plaintiff's acts of calling 9-1-1 and reporting the matter to the 70th precinct of the New York City Police Department constitute activities opposing the plaintiff's discriminatory practices and constitute the filing of a complaint as defined in N.Y.C. Admin. Code § 8-107[7].

33. Defendants were aware of the plaintiff's protected activity.

34. Defendant's actions as described herein taken after the plaintiff's protected activity were motivated by the plaintiff's protected activity.

35. Defendant's acts as described herein constitute unlawful retaliation under N.Y.C. Admin. Code § 8-107[7].

## Count V

### Common Law Assault

36. The defendant Freddy Tavares, prior to November 15, 2011, sexually harassed the plaintiff.

37. On or about November 15, 2011 the defendant Freddy Tavares intentionally touched the plaintiff.

38. Because of the actions of Freddy Tavares, the plaintiff suffered a reasonable apprehension of an immediate harmful or offensive contact.

39. Freddy Tavares' actions evinced a high degree of maliciousness and moral turpitude.

40. Freddy Tavares, in harassing and touching the plaintiff, evinced a criminal indifference to civil obligations.

41. Freddy Tavares was acting within the scope of his employment when he assaulted the plaintiff.

42. Freddy Tavares was the servant of 480 East 21st Street, LLC and 480 East 21st Street, LLC was the master of Freddy Tavares for the purposes of respondeat superior liability.

43. Freddy Tavares was the servant of MP Management, LLC and MP Management, LLC was the master of Freddy Tavares for the purposes of respondeat superior liability.

44. Freddy Tavares was the servant of Morris Piller and Morris Piller was the master of Freddy Tavares for the purposes of respondeat superior liability.

45. The actions of the defendant Freddy Tavares were foreseeable by the defendants 480 East 21st Street, LLC, MP Management, LLC and Morris Piller.

46. 480 East 21st Street, LLC, MP Management, LLC and Morris Piller are therefore vicariously liable for the assault perpetrated by the defendant Freddy Tavares.

WHEREFORE, plaintiff requests that this Court enter an Order:

a) Declaring that the Defendants' practices and actions, as alleged herein, violate the Fair Housing Act, 42 U.S.C. §3601 ET SWQ. As well as the New York City Fair Housing Act N.Y.C. Admin. Code § 8-101 *et seq.*

b) Awarding the plaintiff compensatory and punitive damages, costs, attorney's fees and such other relief as the Court deems appropriate.

Plaintiff demands trial by jury.

Dated: Glen Cove, New York
September 24, 2012

Law Offices of Steven J. Moser, P.C.

By: *[signature]*
Steven John Moser
1 School Street, Suite 303
Glen Cove, New York 11542

(516) 671-1150
stevenjmoserpc@gmail.com