**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ELVIRA PONCE

Plaintiffs,

- against -

480 EAST 21ST STREET, LLC, M.P. MANAGEMENT, LLC, MORRIS PILLER and FREDDY TAVARES,

Defendants.

Case No. 12-CV-4828

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO**
**DEFENDANTS' 480 EAST 21ST STREET, LLC, MP MANAGEMENT, LLC and**
**MORRIS PILLER'S MOTION TO DISMISSS**

Steven John Moser, Esq. (SM 1133)
STEVEN J. MOSER, P.C.
Three School Street
Suite 207B
Glen Cove, NY  11542
T: 516.671.1150
F: 516.882.5420
stevenjmoserpc@gmail.com
*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 5

PROCEDURAL HISTORY .................................................................................................. 5

PRELIMINARY STATEMENT ......................................................................................... 6

ARGUMENT ........................................................................................................................ 7

    I. Defendants' motion to dismiss under Rule 12(b)(6) should be denied as untimely, or in the alternative be construed by the Court as a motion for Judgment on the Pleadings under Rule 12(c). ..................................................................................................................................... 7

    II. Plaintiff has asserted "Plausible" claims for relief against all Defendants for all causes of action, and therefore the Defendants' Motion should be denied.................................................. 8

        A.   The applicable standard on a motion to dismiss is merely whether, assuming the truthfulness of the factual allegations and drawing all inferences in favor of the Plaintiff, the Court may draw a reasonable inference that the Defendants may be found liable for the causes of action asserted.................................................................................................................. 8

        B.   The Plaintiff has pled sufficient facts............................................................................. 9

        C.   The Plaintiff has alleged plausible claims for housing discrimination against all Defendants in violation of the Fair Housing Act and the New York City Administrative Code................................................................................................................................... 10

            1.   Freddy Tavares discriminated against Plaintiff by creating a sexually hostile environment. .................................................................................................................... 10

            2.   The Plaintiff has also established a plausible claim for housing discrimination against Morris Piller in that Mr. Piller personally signed a letter which refused to renew the Plaintiff's lease specifically because the Plaintiff had been victimized by Freddy Tavares on November 15, 2011..................................................................................................... 13

            3.   The Plaintiff has established plausible claims for relief against both 480 East 21st Street, LLC (the owner) and MP Management, LLC (the managing agent). ..................... 13

        D.   The second branch of Defendants' motion seeking dismissal of Counts II and IV of the complaint should be denied, as the Plaintiff has asserted plausible claims of retaliation against all Defendants.................................................................................................... 14

1.    The Plaintiff has also established a plausible claim for housing discrimination against Morris Piller in that Mr. Piller personally signed a letter which refused to renew the Plaintiff's lease specifically because the Plaintiff sought police intervention following the assault by Freddy Tavares. ............................................................................................... 14

2.    The Defendants 480 East 21st Street and MP Management are liable for the retaliatory actions of Morris Piller, as Mr. Piller was acting within the scope of his employment for the corporate Defendants. ............................................................................................. 15

III. The claims against Morris Piller individually are proper, as he is liable for his own discriminatory and retaliatory actions under the Fair Housing Act, and the Plaintiff is not seeking to Pierce the Corporate Veil. ............................................................................... 16

IV. The Court should exclude the affidavit of Morris Piller when considering the Motion for Judgment on the Pleadings, and the litigation should proceed. ................................................ 17

V. Should the Court convert the Rule 12(c) motion into a motion for Summary Judgment, Plaintiff requests further notice by the court and a further opportunity to present further material in opposition to the motion. ...................................................................................... 19

VI. The Defendants have not complied with Local Rule 7.1, and therefore the motion  should be denied. ........................................................................................................................ 19

VII.  Plaintiff requests, in the event the Court finds the pleadings insufficient, that she be granted leave to replead. ............................................................................................................ 20

CONCLUSION ................................................................................................................ 20

## TABLE OF AUTHORITIES

**Cases**

Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) ................................... 7

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)............................... 5, 7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955,167 L. Ed. 2d 929 (2007). ........... 6, 7

Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998).12, 14

Burnette v. Carothers, 192 F.3d 52 (2d Cir.1999) ......................................................... 7

Cleveland v. Caplaw Enterprises, 448 F.3d 518 (2d Cir. 2006) ................................................ 5, 15

Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)............................................ 6, 7

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991)......................................... 18

Cruz v. Coach Stores, 202 F.3d 560 (2d Cir. 2000)................................................................... 14

Elmowitz v. Executive Towers at Lido, LLC, 571 F. Supp. 2d 370 (E.D.N.Y. 2008)........... 13, 14

Ferris v. Delta Air Lines, Inc., 277 F.3d 128 (2d Cir. 2001) ...................................................... 10

Fuji Photo Film U.S.A., Inc. v. McNulty, 640 F. Supp. 2d 300 (S.D.N.Y. 2009)....................... 18

Gemological Inst. of Am., Inc. v. Zarian Co., Ltd., 349 F. Supp. 2d 692 (S.D.N.Y. 2004)......... 15

Glover v. Jones, 522 F. Supp. 2d 496, (W.D.N.Y. 2007). ....................................................... 9, 10

Gurary v. Winehouse, 190 F.3d 37 (2d Cir.1999) ...................................................................... 17

Hayden v. Paterson, 594 F.3d 150 (2d Cir. 2010) ........................................................................ 4

Holbert v. Cohen-Gallet, 05-CV-1281(NGG), 2006 WL 47452 (E.D.N.Y. Jan. 9, 2006)............ 7

Hoover v. Ronwin, 466 U.S. 558, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984) ................................. 7

Kopec v. Coughlin, 922 F.2d 152, 154-55 (2d Cir.1991)............................................................ 17

Messina v. Araserve, Inc., 906 F.Supp. 34 (D.Mass.1995) ........................................................ 10

Meyer v. Holley, 537 U.S. 280, 123 S. Ct. 824, 154 L. Ed. 2d 753 (2003)................................. 12

Milo v. Galante, 3:09CV1389 JBA, 2011 WL 1214769 (D. Conn. Mar. 28, 2011) ..................... 6

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123 (2d Cir. 2001)......................... 4, 6

Patterson v. County of Oneida, N.Y., 375 F.3d 206 (2d Cir. 2004) ............................................. 10

People of State of N.Y. by Abrams v. Merlino, 694 F. Supp. 1101, 1104 (S.D.N.Y. 1988).......... 9

Rich v. Lubin, 02 CIV. 6786 (TPG), 2004 WL 1124662 (S.D.N.Y. May 20, 2004) ..................... 9

Richardson v. New York State Dept. of Corr. Serv., 180 F.3d 426, 437 (2d Cir. 1999)........ 10, 11

Rivera v. Prudential Ins. Co. of Am., 95-CV-0829, 1996 WL 637555 (N.D.N.Y. Oct. 21, 1996) ................................................................................................................................................... 10

Sahu v. Union Carbide Corp., 548 F.3d 59 (2d Cir. 2008). ........................................................ 17

Serendip LLC v. Franchise Pictures LLC, 2000 WL 1277370, at *8 (S.D.N.Y. Sept. 7, 2000).. 15

State Div. of Human Rights v. Stoute, 36 A.D.3d 257, 826 N.Y.S.2d 122 (2006). ..................... 12

Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir.1995)..................................................................... 10

Vacold LLC. v. Cerami, 00 CIV. 4024 (AGS), 2002 WL 193157 (S.D.N.Y. Feb. 7, 2002) ....... 18

Vacold LLC. v. Cerami, 00 CIV. 4024 (AGS), 2002 WL 442240 (S.D.N.Y. Mar. 5, 2002)....... 18

**Statutes**

42 U.S.C.A. § 3604. ................................................................................................................... 9, 13

42 U.S.C.A. § 3617. ..................................................................................................................... 13

N.Y.C. Admin. Code 8-107[5](2). ................................................................................................. 9

N.Y.C. Admin. Code 8-107[7]...................................................................................................... 13

**Rules**

Fed. R. Civ. P. 8(a)(2)..................................................................................................................... 6

Fed. R. Civ. P. 12(b) ...................................................................................................... 4, 5, 6, 15

Fed. R. Civ. P. 12(d) ....................................................................................................................... 5

Fed. R. Civ. P. 12(c), ................................................................................................................. 6, 16

Local Rule 7 of the Southern and Eastern Districts of New York....................................... 17, 19

INTRODUCTION

Plaintiff is a tenant in a building owned by Defendant 480 East 21st Street, LLC and managed by Defendant MP Management, LLC.   Defendant Freddy Tavares is the superintendent of the building, and Morris Piller is both a principal and owner of the corporate Defendants.   The Plaintiff has made her home at 480 East 21st Street, Brooklyn, New York for the past 15 years.

By her complaint, the Plaintiff alleges that she was the victim of housing discrimination on the basis of sex, retaliation, and assault.   More specifically, for the five year period prior to November 15, 2011, she suffered repeated sexual advances by the superintendent, Freddy Tavares.   He also subjected her to sexually explicit and humiliating comments about her anatomy.   On November 15, 2011 as the Plaintiff was bending over to place garbage in a trash disposal located in the common hallway of her building, Freddy Tavares intentionally touched the Plaintiff's buttocks.   Less than 10 days later, Morris Piller personally signed a letter informing the Plaintiff's  common law husband, Alberto Harris, that MP Management would not renew the Plaintiff's lease specifically because of the November 15, 2011 incident.   Mr. Tavares remains the superintendent at 480 East 21st Street.

PROCEDURAL HISTORY

By her complaint filed on September 28, 2012, the Plaintiff sues the Defendants for discrimination based upon sex in violation of the Fair Housing Act and the New York City Administrative Code (counts I and III), as well as unlawful retaliation in violation of the Fair Housing Act and the New York City Administrative Code (counts II and IV).   Finally the

Plaintiff also sues Freddy Tavares for assault, and seeks to hold the Corporate Defendants vicariously liable for the assault.[1]

The Defendants submitted an answer with 13 affirmative defenses on January 4, 2013.

Defendants 480 East 21st Street, LLC, MP Management, LLC and Morris Piller move to dismiss all causes of action against them Rule 12(b) for failure to state a claim upon which relief can be granted.

PRELIMINARY STATEMENT

As an initial matter, the Defendants have already filed, as ECF Document No. 5, and served an answer with affirmative defenses dated January 4, 2013.  Therefore, the motion is untimely under Rule 12(b) and therefore should be denied or considered as a Rule 12(c) motion for judgment on the pleadings.  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126-27 (2d Cir. 2001).

The standard for a motion for judgment on the pleadings is identical to the standard on a motion to dismiss pursuant to Rule 12(b)(6).  Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).  Under that standard, the Plaintiff has pled sufficient facts to show that she has "plausible" claims for relief with regard to all causes of action alleged (other than Assault as against Morris Piller), and therefore the Defendants' motion should be denied.  See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Plaintiff requests that the Court not consider matters outside the pleadings (i.e. the affidavit of Morris Piller), thereby converting the motion into one for summary judgment.  See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006).   Plaintiff is ill-equipped at

---

[1] Plaintiff hereby submits herewith a stipulation that has been forwarded to the Defendants discontinuing the Fifth Cause of Action (assault) as against Morris Piller.  To the extent that the branch of  Defendants' motion seeking Dismissal of the Fifth Cause of action is not rendered moot by the Defendants' filing of the stipulation with Defendants' Reply papers, the Plaintiff consents to dismissal of the fifth cause of action as against the Defendant Morris Piller only.

this very early stage of this case to oppose such a motion.[2]      Should the motion be converted

by the Court, however Plaintiff requests that she "be given a reasonable opportunity to present all

the material that is pertinent to the motion."  Fed.R.Civ.P. 12(d).

The Defendants have not complied with the form and spirit of Local Civil Rule 7.1 and

therefore the motion should be denied.

Finally, to the extent that the Court finds the pleadings insufficient, Plaintiff requests

leave to replead.

ARGUMENT

I.

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6) SHOULD BE DENIED AS
UNTIMELY, OR IN THE ALTERNATIVE BE CONSTRUED BY THE COURT AS A
MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(C).

Moving Defendants filed an answer to the complaint, which was accepted by the Clerk,

on January 4, 2013.    ECF Doc. 5.    However, "[a] motion asserting [failure to state a claim]

must be made before pleading if a responsive pleading is allowed" and the motion should

therefore be denied as untimely.  Fed. R. Civ. P. 12(b).

That is not the end of the issue, however, as Defendants raised, as a Fifth Affirmative

Defense, that "[t]he Plaintiff's Complaint fails to state a claim upon which relief can be granted."

Therefore, the defense has not been waived.    While the Defendants' motion to dismiss for

failure to state a claim "is styled as arising under Rule 12(b) but is filed after the close of

pleadings, [it] should be construed by the district court as a motion for judgment on the pleadings

under Rule 12(c)," for which the standard "is identical to that of a Rule 12(b)(6) motion."  Patel

---

[2] No deposition of any party has yet been taken.

v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126-27 (2d Cir. 2001);  Milo v.

Galante, 3:09CV1389 JBA, 2011 WL 1214769 (D. Conn. Mar. 28, 2011).

II.

PLAINTIFF HAS ASSERTED "PLAUSIBLE" CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS FOR ALL CAUSES OF ACTION[3], AND THEREFORE THE DEFENDANTS' MOTION SHOULD BE DENIED.

A.  The applicable standard on a motion to dismiss is merely whether, assuming the truthfulness of the factual allegations and drawing all inferences in favor of the Plaintiff, the Court may draw a reasonable inference that the Defendants may be found liable for the causes of action asserted.

For the purposes of a Motion to Dismiss under Rule 12(b), all of the factual allegations in the complaint are assumed to be true, and Plaintiff only need set forth sufficient facts to show that she has a "plausible" claim for relief.   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 589, 127 S. Ct. 1955, 1984-85, 167 L. Ed. 2d 929 (2007).   Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief. " Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).     The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."   Id.

"In reviewing a motion to dismiss for failure to state a claim brought pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the Plaintiff." Holbert v. Cohen-Gallet, 05-CV-1281(NGG), 2006 WL 47452 (E.D.N.Y. Jan. 9, 2006)(citing Albright v. Oliver, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir.1999).

---

[3] With the exception of the Assault claim against Morris Piller, Count V.

8

The complaint may be dismissed only if "it appears beyond doubt, even when the complaint is liberally construed, that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984) (citing Conley v. Gibson).

In a Rule 12(b)(6) motion to dismiss for failure to state a claim, a Plaintiff must only plead only "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

And "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [actionable misconduct]." Bell Atl. Corp. v. Twombly, 550 U.S. at 544 (emphasis added).

B.   The Plaintiff has pled sufficient facts.

The complaint alleges, inter alia:

i.   That "[f]or at least the past five years, the Defendant Freddy Tavares…has repeatedly made unwanted sexual advances and has subjected the Plaintiff to sexually explicit and humiliating comments about her anatomy" (Complaint, ¶ 9);

ii.   That "[o]n or about November 15, 2011, as the Plaintiff was bending over to place garbage in a trash disposal located in the common hallway of her building, Freddy Tavares intentionally touched the Plaintiff's buttocks for the purpose of gratifying his sexual desires and humiliating and degrading the Plaintiff" (Complaint, ¶ 10);

iii.   That Morris Piller is a principal and owner of both 480 East 21st Street, LLC and MP Management, LLC (¶ 8);

iv.   That following the incident, despite Morris Piller's knowledge of Mr. Tavares' actions, Morris Piller did not discipline, suspend or terminate Mr. Tavares (¶ 13);

v.   That on January 24, 2012, Morris Piller signed a letter on MP Management letterhead which was sent to the Plaintiff.   The letter specifically stated that due to the November 15, 2011 incident, MP Management would not renew the Plaintiff's lease (¶ 16); and

vi.   It can also be inferred from the allegations that Morris Piller knew or should have known of Freddy Tavares' conduct when he wrote a letter to Plaintiff refusing to allow her to renew her lease.

C.   <u>The Plaintiff has alleged plausible claims for housing discrimination against all Defendants in violation of the Fair Housing Act and the New York City Administrative Code.</u>

The FHA prohibits "discriminat[ion] against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of ... sex." 42 U.S.C. § 3604(b).  The analogous provision of the New York City Administrative Code prohibits housing "discriminat[ion] against any person because of such person's… gender."  N.Y.C. Admin. Code 8-107[5](2).

1.   <u>Freddy Tavares discriminated against Plaintiff by creating a sexually hostile environment.</u>

"Sexual harassment constitutes discrimination in the terms, conditions, or privileges of rental of a dwelling on the basis of sex."  <u>Rich v. Lubin</u>, 02 CIV. 6786 (TPG), 2004 WL 1124662 (S.D.N.Y. May 20, 2004); <u>Glover v. Jones</u>, 522 F. Supp. 2d 496, 503 (W.D.N.Y. 2007).  And the

legal standard for sexual harassment claims under the FHA is analogous to hostile work environment claims under Title VII.   Rich v. Lubin, 02 CIV. 6786 (TPG), 2004 WL 1124662 (S.D.N.Y. May 20, 2004); People of State of N.Y. by Abrams v. Merlino, 694 F. Supp. 1101, 1104 (S.D.N.Y. 1988)

    a.  Defendants' claims that the allegations do not rise to the level of actionable sexual harassment are without merit.

Defendants claim that their acts of making repeated and unwanted sexual advances, making sexually explicit remarks to Plaintiff,  groping her buttocks in the hallway of her building, and sending her a letter stating that her lease would not be renewed because of the incidentare not actionable.

In support of this notion, the Defendants state,

i.      "It is unlikely that the Plaintiff is claiming that one gender is being treated less fairly than the other gender" (Def. Mem. at 5);

ii.     "Even if Plaintiff's allegations are taken as true…[the] Plaintiff [is] trying to use the fact that she is a woman as a means to bringing suit..."  (Def. Mem. at 3);

iii.    The Defendant Tavares' intentional grabbing of the Plaintiff's buttocks only feet from the front door to her apartment is an "innocuous incident" which does not support a finding of sexual harassment.  (Def. Mem. at 6, 9).

A woman who has resided in the same building for 14 years, is subject to humiliating and sexually explicit remarks by the Superintendent over a five year period, and who is attacked in her hallway by the Superintendent is a victim of sexual harassment.

A similar set of allegations was considered in the case of Glover v. Jones, 522 F. Supp. 2d 496, 504 (W.D.N.Y. 2007), in which the Plaintiff alleged that the de facto landlord made repeated sexual advances, kissed her on the mouth, and touched her breast.   The court found

11

that the allegations were sufficient to "create a triable issue of fact as to whether [the landlord] subjected Plaintiff to a hostile environment." Id.

In Rivera v. Prudential Ins. Co. of Am., 95-CV-0829, 1996 WL 637555 (N.D.N.Y. Oct. 21, 1996), the court found that remarks about the victim's breasts, combined with leering, and rubbing up against the victim with the perpetrator's groin was sufficient "evidence that reasonably might lead a trier of fact to conclude" that the harassment was sufficiently severe or pervasive to be actionable.   In Messina v. Araserve, Inc., 906 F.Supp. 34 (D.Mass.1995), the court found that sexually suggestive comments combined with physical touching were sufficiently severe or pervasive to create a triable issue of fact.

b.   Furthermore, the Defendants' argument that a single incident cannot give rise to a cause of action for sexual harassment is without merit.

"Although isolated incidents ordinarily will not rise to the level of a hostile work environment, even a single incident of sufficient severity may…create [a hostile] environment. Patterson v. County of Oneida, N.Y., 375 F.3d 206, 227 (2d Cir. 2004); Ferris v. Delta Air Lines, Inc., 277 F.3d 128, 136 (2d Cir. 2001)("[A] single instance can suffice when it is sufficiently egregious."); Tomka v. Seiler Corp., 66 F.3d 1295, 1305 (2d Cir.1995) ("[A] single incident of sexual assault…creates an abusive [] environment."); See also Richardson v. New York State Dept. of Corr. Serv., 180 F.3d 426, 437 (2d Cir. 1999).

c.   Even if the Defendants had moved for summary judgment (which they have not), whether the Defendants created a hostile environment should be decided by a jury.

Whether the specific discriminatory conditions alleged by the Plaintiff (the facts) rise to the level of a hostile environment (the legal standard) is "a mixed question of law and fact because it involves the application of a legal standard to a particular set of facts.   Such mixed questions are especially well-suited for jury determination and summary judgment may be granted only when reasonable minds could not differ on the issue…"   Richardson v. New York

12

State Dept. of Corr. Serv., 180 F.3d 426, 437-38 (2d Cir. 1999)(Citations and quotations omitted).   In these cases "summary judgment is appropriate only where application of the law to [] undisputed facts will reasonably support only one ultimate conclusion."   Id.

2. The Plaintiff has also established a plausible claim for housing discrimination against Morris Piller in that Mr. Piller personally signed a letter which refused to renew the Plaintiff's lease specifically because the Plaintiff had been victimized by Freddy Tavares on November 15, 2011.

When the de-facto landlord (Morris Piller) writes a letter refusing to renew the woman's lease because of an incident in which she was sexually groped by the building superintendent. This constitutes disparate treatment based upon sex.   When, after being sued for violations of the Fair Housing Act and the New York City Administrative Code, the landlord returns a signed lease to the Plaintiff, but intentionally crosses out her name, he is discriminating against her "in the terms, conditions, or privileges of sale or rental of a dwelling" on the basis of sex.

3. The Plaintiff has established plausible claims for relief against both 480 East 21st Street, LLC (the owner) and MP Management, LLC (the managing agent).

   a. 480 East 21st Street, LLC and MP Management, LLC are liable for the sexual harassment of the Plaintiff by Freddy Tavares.

A Plaintiff may successfully hold the corporate entity vicariously liable for the sexual harassment of an employee if it can be shown that the owner knew or should have known about the harassment and failed to remedy the situation promptly.   State Div. of Human Rights v. Stoute, 36 A.D.3d 257, 265, 826 N.Y.S.2d 122, 128 (2006).

The Defendants mistakenly assert that  "under the Fair Housing Act, a landlord may only be held liable for sexual harassment perpetrated by an employee committed within the scope of his employment and where the landlord knew or should have known of the harassment but failed

13

to remedy it." Def. Mem. at 9.   However, there is no requirement that the employee be acting within the scope of his employment in the sexual harassment context.   Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 758-59, 118 S. Ct. 2257, 2267, 141 L. Ed. 2d 633 (1998).   Even where "sexual harassment is outside the scope of employment because the conduct was for personal motives, an employer can be liable, nonetheless, where its own negligence is a cause of the harassment.  An employer is negligent with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it."   Id.

    b.  480 East 21st Street, LLC and MP Management, LLC are liable for the actions of Morris Piller.

Although the [Fair Housing] Act says nothing about vicarious liability, it is nonetheless well established that it provides for such liability, [and that a]bsent special circumstances, it is the corporation…who is the principal or employer subject to vicarious liability for the torts of its employees or agents."   Meyer v. Holley, 537 U.S. 280, 123 S. Ct. 824, 826, 154 L. Ed. 2d 753 (2003).

D.  <u>The second branch of Defendants' motion seeking dismissal of Counts II and IV of the complaint should be denied, as the Plaintiff has asserted plausible claims of retaliation against all Defendants.</u>

    1.  <u>The Plaintiff has also established a plausible claim for housing discrimination against Morris Piller in that Mr. Piller personally signed a letter which refused to renew the Plaintiff's lease specifically because the Plaintiff sought police intervention following the assault by Freddy Tavares.</u>

The Fair Housing Act makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised …any right granted or protected by" section 3604.   42 U.S.C.A. § 3617.

The New York City Administrative Code states that no person may "retaliate or discriminate in any manner against any person because such person has…opposed any practice

14

forbidden under this chapter."   Furthermore, the retaliation "need not result in …a materially adverse change in the terms and conditions of…housing, or a public accommodation, provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity."   N.Y.C. Admin. Code 8-107[7].

To establish a prima facie case of retaliation under Section 3617 of the FHA, Plaintiff must allege that (1) she was engaged in a "protected activity", (2) Defendants were aware of this activity, (3) Defendants took adverse action against Plaintiff, and (4) a causal connection exists between the protected activity and the adverse action.   Elmowitz v. Executive Towers at Lido, LLC, 571 F. Supp. 2d 370, 376 (E.D.N.Y. 2008).

The Plaintiff, Elvira Ponce, in making a complaint to the New York City Police Department as a result of Freddy Tavares' attack, was engaging in "protected activity" as contemplated by the Fair Housing Act.   "Protected activity" under the Fair Housing Act is broadly defined as any "action taken to protest or oppose statutorily prohibited discrimination." Cruz v. Coach Stores, 202 F.3d 560, 566 (2d Cir. 2000).

Defendants assert, without legal basis, that the claims of retaliation must be dismissed because "there is no obligation on the part of any managing agent or landlord of a building to renew the lease of any tenant."   However, a landlord is prohibited from refusing to renew a lease in retaliation against an individual who is engaging in protected activity under the FHA. Elmowitz, at 376.

2. The Defendants 480 East 21st Street and MP Management are liable for the retaliatory actions of Morris Piller, as Mr. Piller was acting within the scope of his employment for the corporate Defendants.

Defendants admit in their Memorandum of Law that the Defendant Morris Piller "is a member of the Defendant building owner 480 East 21st Street and Defendant managing agent MP

15

Management" and that "Mr. Piller did not commit any acts outside his role as a member of these legitimate corporations…"  (Def. Mem. at 15).

"A master is subject to liability for the torts of his servants committed while acting in the scope of their employment."  Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 743, 118 S. Ct. 2257, 2260, 141 L. Ed. 2d 633 (1998)(citing Restatement § 219(1)).  As the Defendants do not contest that Mr. Piller was acting within the scope of his employment for the corporate Defendants, the corporate Defendants are vicariously liable for Mr. Piller's retaliatory actions.

### III.

### THE CLAIMS AGAINST MORRIS PILLER INDIVIDUALLY ARE PROPER, AS HE IS LIABLE FOR HIS OWN DISCRIMINATORY AND RETALIATORY ACTIONS UNDER THE FAIR HOUSING ACT, AND THE PLAINTIFF IS NOT SEEKING TO PIERCE THE CORPORATE VEIL.[4]

The Plaintiff seeks to hold Mr. Piller liable for his actions of discriminating against her on the basis of sex, and of retaliating against her for seeking the protection and help of the police against her attacker, Freddy Tavares.

This Court has acknowledged that defendants are "individually liable under the FHA for their own acts of discriminatory conduct."  Open Hous. Ctr., Inc. v. Kessler Realty, Inc., 96-CV-6234(ILG), 2001 WL 1776163 (E.D.N.Y. Dec. 21, 2001).   It is well settled  that individuals and agents can be held liable for their own discriminatory acts under the Fair Housing Act. See Carpenter v. Churchville Greene Homeowner's Ass'n, Inc., 09-CV-6552, 2011 WL 710204 (W.D.N.Y. Feb. 22, 2011); Anujar v. Hewitt, 2008 WL 1792065, *10 (S.D.N.Y.2002); Reyes v. Fairfield Properties, 661 F.Supp.2s 249, 279 (E.D.N.Y.2009); see also Sassower v. Field, 752 F.Supp. 1182 (S.D.N.Y.1990)

---

[4] The Plaintiff simultaneously addresses Point IV of the Plaintiff's memorandum of Law and the Defendants' request to dismiss counts I-IV of the complaint with respect to Morris Piller.

The defendants mistakenly state in Point IV that somehow the plaintiff seeks to "pierce the corporate veil" and hold Morris Piller personally liable.   This is simply not the case.   There are no allegations in the complaint relating to piercing the corporate veil, which would include allegations that Mr. Piller exercised total domination over the corporation, and used this control for fraud or wrong against the plaintiff.

IV.

THE COURT SHOULD EXCLUDE THE AFFIDAVIT OF MORRIS PILLER WHEN CONSIDERING THE MOTION FOR JUDGMENT ON THE PLEADINGS, AND THE LITIGATION SHOULD PROCEED.

This Court should exclude from consideration the affidavit of Morris Piller under rule 12(c).   See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006).   By considering the affidavit, the Court will be converting the premature Rule 12(b) motion into a pre-discovery motion for summary judgment.[5]   And a pre-discovery motion "should be viewed with significant caution."   Gemological Inst. of Am., Inc. v. Zarian Co., Ltd., 349 F. Supp. 2d 692, 695 (S.D.N.Y. 2004); See Serendip LLC v. Franchise Pictures LLC, 2000 WL 1277370, at *8 (S.D.N.Y. Sept. 7, 2000).

The danger of granting a pre-motion summary judgment at this stage is highlighted by the very nature of Mr. Piller's affidavit.   He writes that "[a]fter November 15, 2011, it was brought to 480 East 21st Street, LLC and MP Management, LLC's attention that there was an alleged incident involving a physical altercation at the subject premises involving one of the tenants, Plaintiff Elvira Ponce and the superintended Freddy Tavares." (Piller Aff. ¶ 6).

Mr. Piller's affidavit leaves factual voids, including raising the  following questions:

---

[5] "To the extent any part of Defendants' motion is a Rule 12(b)(6) motion to dismiss, it is converted to a Rule 56 motion for summary judgment."   Sahu v. Union Carbide Corp., 548 F.3d 59, 66-67 (2d Cir. 2008)(quoting from District Court's statement in Sahu v. Union Carbide Corp., 418 F. Supp. 2d 407, 410 (S.D.N.Y. 2005)).

17

i.      When was the incident reported?

ii.     Who reported the incident to 480 East 21st Street?

iii.    Who reported the incident to MP Management, LLC?

iv.     To whom at MP Management was the incident reported?

v.      To whom at 480 East 21st Street, LLC was the incident reported?

vi.     What investigation or inquiry was made, if any, after the incident was reported?

Mr. Piller also alleges that "over the course of Freddy Tavares' more than twenty years working for 480 East 21st Street, LLC, there had never been any reports filed concerning his behavior as a superintendent for one of its buildings."  (Piller Aff. ¶ 7)(emphasis added).

i.      Is Mr. Piller claiming that in 20 years no tenant ever complained about Mr. Tavares?

ii.     What does he mean by "reports filed?"  Does this include verbal complaints? Does this include any written complaints?  Does this mean that no report of any incident was actually placed in Mr. Tavares' employee file?

Mr. Piller does not address what background investigation, if any, was performed by 480 East 21st Street, LLC or MP Management, LLC prior to hiring Mr. Tavares.   He does not say whether or not Mr. Tavares has a criminal history, or whether he has a substance or alcohol-abuse problem.  He does not affirmatively state that he did not receive any complaints from tenants regarding Mr. Tavares.

But he does want the complaint dismissed against himself, MP Management, LLC, and 480 East 21st Street, LLC.

V.

SHOULD THE COURT CONVERT THE RULE 12(C) MOTION INTO A MOTION FOR SUMMARY JUDGMENT, PLAINTIFF REQUESTS FURTHER NOTICE BY THE COURT AND A FURTHER OPPORTUNITY TO PRESENT FURTHER MATERIAL IN OPPOSITION TO THE MOTION.

Should the Court consider matters outside the pleadings, Plaintiff requests that she "be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d).

> Ordinarily, this means that a district court "must give notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment and considering matters outside the pleading." Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir.1999) (citing Kopec v. Coughlin, 922 F.2d 152, 154-55 (2d Cir.1991)) (emphasis supplied).   Underlying the notice requirement is "the principle that parties are entitled to a reasonable opportunity to present material pertinent to a summary judgment motion." Id.

Sahu v. Union Carbide Corp., 548 F.3d 59, 67 (2d Cir. 2008)

VI.

THE DEFENDANTS HAVE NOT COMPLIED WITH LOCAL RULE 7.1, AND THEREFORE THE MOTION  SHOULD BE DENIED.

Local Rule 7.1 requires that, "(a) Except as otherwise permitted by the Court, all motions shall include the following motion papers: (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; [and] (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion…"

19

It is noted that Defendants have served only an Affidavit and Memorandum of law in Support of an ostensible Motion to Dismiss under Rule 12(b)(6)[6], but have never served a notice of motion.

It is also respectfully suggested that the Defendants have not meaningfully complied with the requirements of 7.1(a)(2) in that the memorandum of law is largely devoid of authorities in support of the legal propositions asserted.

VII.

PLAINTIFF REQUESTS, IN THE EVENT THE COURT FINDS THE PLEADINGS INSUFFICIENT, THAT SHE BE GRANTED LEAVE TO REPLEAD.

"It is the usual practice upon granting a motion to dismiss to allow leave to replead. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991);  See also Fuji Photo Film U.S.A., Inc. v. McNulty, 640 F. Supp. 2d 300, 322 (S.D.N.Y. 2009); Vacold LLC v. Cerami, 00 CIV. 4024 (AGS), 2002 WL 193157 (S.D.N.Y. Feb. 7, 2002) amended on reconsideration in part sub nom. Vacold LLC. v. Cerami, 00 CIV.4024(AGS), 2002 WL 442240 (S.D.N.Y. Mar. 5, 2002)

The Plaintiff respectfully requests that the Court grant such leave to replead in the event that the Defendants' motion to dismiss is granted.

CONCLUSION

The Plaintiff has pled sufficient facts to show that she has  "plausible" claims for relief with regard to all causes of action alleged (other than Assault as against Morris Piller), and therefore the Defendants' motion should be denied.

---

[6] Defendants' attorney submits his affirmation "in support of Defendants' Motion, pursuant to FRCP 12(b)(6), to dismiss the Plaintiff's complaint."  Azus Aff. ¶ 2.

The Defendants' untimely motion under Rule 12(d) should not be converted into one for summary judgment, as the Plaintiff has not had the opportunity to depose the Defendants, and the affidavit of Morris Piller should be excluded.   However, should the Court consider matters outside the pleadings, Plaintiff requests that she "be given a reasonable opportunity to present all the material that is pertinent to the motion" pursuant to  Fed.R.Civ.P. 12(d).

The Defendants have not complied with Local Civil Rule 7.1 and therefore the motion should be denied.

Finally, to the extent that the Court finds the pleadings insufficient, Plaintiff requests leave to replead.

WHEREFORE, the Plaintiff requests that the Defendants' motion be denied in its entirety, with the exception of the Assault Claims (Fifth Cause of Action) as against Morris Piller, which Plaintiff is ready to voluntary discontinue.

Respectfully submitted,


Steven J. Moser, Esq.
STEVEN J. MOSER, P.C.
Three School Street
Suite 207B
Glen Cove, NY  11542
T: 516.671.1150
F: 516.882.5420
stevenjmoserpc@gmail.com
Attorneys for Plaintiffs

TO:       Matthew Azus, Esq.
          LESTER ARNOLD & WINSTON, LLP
          475 Park Avenue South, 28th Floor
          New York, NY  10016
          mazus@lawpartnersllp.com
          Attorneys for Defendants 480 East 21st Street, LLC,
                    MP Management, LLC and Morris Piller

21