UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ELVIRA PONCE,

       Plaintiff,                                      Memorandum and Order

                                                                       12 Civ. 4828 (ILG) (JMA)

      - against -

480 EAST 21ST STREET, LLC; M.P.
MANAGEMENT, LLC; MORRIS PILLER;
AND FREDDY TAVARES,

       Defendants.
-------------------------------------------------------x

GLASSER, United States District Judge:

      Elvira Ponce ("plaintiff") brings this action against 480 East 21st Street, LLC; M.P. Management, LLC; Morris Piller; and Freddy Tavares (collectively, "defendants"). Plaintiff alleges sex discrimination and retaliation claims pursuant to Title VIII of the Civil Rights Act of 1968 as amended, 42 U.S.C. § 3601 et seq. ("Fair Housing Act" or "FHA"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"); as well as a claim for assault under New York common law. All defendants except for Tavares moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

---

[1] Tavares has not appeared in this action, answered the Complaint, or moved to dismiss the Complaint.

1

**BACKGROUND**

The following facts are taken from plaintiff's Complaint, which is presumed true for purposes of the pending motion. Plaintiff has resided at the apartment building located at 480 East 21st Street in Brooklyn for the past thirteen years. Complaint ("Compl.") ¶ 5 (Dkt. No. 1). 480 East 21st Street, LLC owns the building, M.P. Management, LLC is the managing agent of the building, and Piller owns both of those entities. Id. ¶¶ 6–8.

Plaintiff alleges that over the past five years, Tavares, the building's superintendent, "has repeatedly made unwanted sexual advances" towards her and "sexually explicit and humiliating comments about her anatomy," none of which are specified in the Complaint. Id. ¶ 9. She further alleges that on November 15, 2011, as she deposited her garbage in the common hallway of the building, Tavares "intentionally touched [her] buttocks for the purpose of gratifying his sexual desires and humiliating and degrading [her]." Id. ¶ 10. A confrontation ensued and plaintiff called 9-1-1 and filed a complaint against Tavares with the New York City Police Department. Id. ¶¶ 11–12, 25.

Subsequently, 480 East 21st Street, LLC and M.P. Management, LLC refused to renew her lease. Id. ¶ 15. Plaintiff alleges that a letter dated January 24, 2012, which was signed by Piller and sent from M.P. Management, LLC to her common law husband, stated:

> Due to the incident which occurred with the super, Freddy, on November 15, 2011 in which precinct 070 was involved, we regret to inform you that we will not renew your lease. You are expected to return the apartment keys by January 31st, 2012, otherwise we will be forced to commence a holdover against you.

Id. ¶¶ 16–17.

Plaintiff filed this action on September 24, 2012 alleging sex discrimination, retaliation, and assault, and seeking a declaratory judgment, damages, and attorneys' fees. Id. at 6. Defendants filed an Answer on January 4, 2013, and subsequently moved to dismiss the Complaint on April 26, 2013. Dkt. Nos. 6 & 10.[2] Shortly thereafter, the parties stipulated to dismissal of the assault claim against Piller. Dkt. No. 13.

## LEGAL STANDARD FOR MOTIONS TO DISMISS

To survive a motion to dismiss pursuant to Rule 12(b)(6) or Rule 12(c), a complaint not only must include a short, plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), but also "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In resolving a motion to dismiss, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." Natural Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (quotation omitted). However, the court may look outside the complaint to consider documents that are incorporated in the complaint by reference and matters of which judicial notice may be taken. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).[3]

---

[2] Because defendants filed an Answer before moving to dismiss, the Court construes the pending motion as a motion for judgment on the pleadings pursuant to Rule 12(c). Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). In any event, "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Id. (citations omitted).

[3] Defendants' exhibits, which provide additional details about the November 15, 2011 incident and the decision not to renew plaintiff's lease, are extrinsic documents that may not be considered in determining this motion. See Defendants' Motion to Dismiss, Aff. & Exs. B–C

## DISCUSSION

### I. Sex Discrimination Claims

#### A. FHA

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . sex." 42 U.S.C. § 3604(b). Sexual harassment constitutes such discrimination. Rich v. Lubin, No. 02 Civ. 6786, 2004 WL 1124662, at *4 (S.D.N.Y. May 20, 2004). Courts apply the legal standard for Title VII sexual harassment claims to similar claims under the FHA. Id. Thus, a plaintiff must allege that the harassment was "sufficiently pervasive and severe so as to create a hostile environment." Id. The "'frequency of the discriminatory conduct; its severity; [and] whether it is physically threatening or humiliating, or a mere offensive utterance'" are relevant factors to determining whether alleged conduct rises to such a level. Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 227 (2004) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993)) (discussing Title VII). "Isolated or sporadic sexually inappropriate acts are not sufficiently pervasive and severe to constitute sexual harassment under the FHA." Rich, 2004 WL 1124662, at *4.

Plaintiff's allegations about Tavares' unspecified "unwanted sexual advances" and "sexually explicit and humiliating comments about her anatomy" are "'naked assertion[s]' devoid of 'further factual enhancement'" that do not suffice to establish a plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). She fails to provide any further details, such as the frequency of advances

---

(Dkt. No. 10). The Court declines to convert the motion into one for summary judgment to consider these extrinsic documents, as permitted by Rule 12(d), because plaintiff has not had the opportunity to conduct discovery.

or the content of comments, from which the Court may conclude that a hostile environment plausibly existed. Plaintiff's remaining allegation concerning the November 15, 2011 incident is a single, isolated episode that does not rise to an actionable level under the FHA. Therefore, defendants' motion to dismiss this claim is granted, and the Court sua sponte dismisses it against Tavares. See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n.6 (2d Cir. 1990).

**B. NYCHRL**

The NYCHRL similarly prohibits sexual harassment in the housing context, N.Y.C. Admin. Code § 8-107(5)(a)(2), but plaintiff's claim under this law "requires an independent analysis" because it is not "coextensive with its federal and state counterparts." Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 108–109 (2d Cir. 2013). Rather, "interpretations of state and federal civil rights statutes can serve only as a floor below which the [NYCHRL] cannot fall," and the NYCHRL must be "construed liberally" for its "uniquely broad and remedial purposes." Id. at 109 (quotations omitted). A plaintiff claiming sexual harassment under the NYCHRL need only allege "unequal treatment" based on sex. Fattoruso v. Hilton Grand Vacations Co., LLC, 873 F. Supp. 2d 569, 578 (S.D.N.Y. 2012) (quoting Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 38 (App. Div. 1st Dep't 2009)). The severity and pervasiveness of the alleged conduct are relevant to damages but not liability. Id. (citing Williams, 872 N.Y.S.2d at 38). Under this lower standard, plaintiff has sufficiently stated a claim by alleging that she was subjected to unwelcome harassment of a sexual nature on November 15, 2011. The isolated nature of the harassment does not preclude the claim.

The NYCHRL provides for both direct liability of the actor of the alleged conduct, N.Y.C. Admin. Code § 8-107(5)(a), and strict vicarious liability of the actor's employer.

5

Id. § 8-107(13)(a). Although 480 East 21st Street, LLC and M.P. Management, LLC are plausibly Tavares' employers, plaintiff's allegation that Piller is "a principal and owner" of those entities is insufficient to hold him personally liable as Tavares' employer. See Meyer v. Holley, 537 U.S. 280, 286 (2003) ("[I]n the absence of special circumstances it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents."). Therefore, the Court denies defendants' motion to dismiss this claim against 480 East 21st Street, LLC and M.P. Management, LLC but grants the motion with respect to Piller.

## II. Retaliation Claims

### A. FHA

Under the FHA, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by [inter alia, § 3604] of this title." 42 U.S.C. § 3617. The elements of a prima facie retaliation claim under the FHA are (1) the plaintiff engaged in protected activity, (2) the defendant was aware of this activity, (3) the defendant took adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action. Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 54 (2d Cir. 2002).

Plaintiff states a plausible claim of retaliation. She engaged in protected activity by filing a complaint against Tavares with the police for conduct that she considered to be sexual harassment. See Labonia v. Doran Assocs., LLC, No. 3:01CV2399, 2004 WL 1921005, at *10 (D. Conn. Aug. 25, 2004) ("[T]he filing of a police report can constitute

protected activity under Title VII's 'opposition' clause." (citations omitted)).[4]

Defendants were aware of this complaint because the nonrenewal letter she received specifically references "the incident in which precinct 070 was involved."  Compl. ¶ 16.  They took an adverse action by refusing to renew her lease.  See Elmowitz v. Exec. Towers at Lido, LLC, 571 F. Supp. 2d 370, 376 (E.D.N.Y. 2008).

Defendants dispute the fourth element, arguing that the November 15, 2011 incident "was not the ultimate reason" for the nonrenewal of plaintiff's lease; rather, it "was merely the straw that broke the camel's back" because of "the continued contentious history between" plaintiff and Tavares.  Defs.' Mem. at 11–12.  The implication of this argument is that plaintiff must prove her protected activity was the sole motive for the nonrenewal decision rather than played a part in that decision.  Even assuming this questionable premise,[5] the Complaint alleges a single, retaliatory motive.  The nonrenewal letter states:  "Due to the incident which occurred with the super, Freddy, on November 15, 2011 in which precinct 070 was involved, we regret to inform you that we will not renew your lease."  Compl. ¶ 16.  Although this may mean that the motive for nonrenewal was the altercation between plaintiff and Tavares, it is plausible

---

[4] Even when a plaintiff's underlying discrimination claim is dismissed, her retaliation claim may survive if she "had a good faith, reasonable belief" that she was opposing an unlawful practice. Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (quotation omitted) (discussing Title VII); see Broome v. Biondi, 17 F. Supp. 2d 211, 219 (S.D.N.Y. 1997) (applying principle to FHA context).  Drawing all reasonable inferences in favor of plaintiff, it is plausible that she had such a belief, even though the isolated incident is not actionable under the FHA.

[5] Courts have assumed that a plaintiff states an FHA retaliation claim by alleging that a retaliatory motive played a part in the adverse action – but this assumption was taken from Title VII standards.  See, e.g., Reg'l Econ. Cmty. Action Program, 294 F.3d at 54.  The Supreme Court recently changed that principle in the Title VII context, holding that a plaintiff must prove that an illegal motive was the sole reason for the adverse action.  Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517 (2013).  Because that decision was based, in part, on Title VII's statutory scheme and the specific text of its retaliation provision, this Court would be hesitant to apply that change in law to the FHA.

7

that the motive was plaintiff's complaint to the police, i.e., her protected activity. The letter does not reference a "contentious history" or any other motive for the nonrenewal. Therefore, plaintiff states a claim for retaliation.

The FHA does not identify who may be held liable, but courts have held that "individual defendants who engaged in affirmative acts of discrimination or enforced a corporation's discriminatory rules or policies" are directly liable under the statute. Andujar v. Hewitt, No. 02 CIV. 2223, 2002 WL 1792065, at *10 (S.D.N.Y. Aug. 2, 2002) (citations omitted). Thus, Piller may be directly liable for refusing to renew plaintiff's lease. Id. (holding that individual defendant may be directly liable for signing Notice of Termination). Furthermore, the Supreme Court has applied "traditional vicarious liability rules" to the statute, holding that "principals or employers [are] vicariously liable for acts of their agents or employees in the scope of their authority or employment." Meyer, 537 U.S. at 285. 480 East 21st Street, LLC and M.P. Management, LLC may be vicariously liable for Piller's refusal to renew plaintiff's lease, presumably an act within the scope of his authority. Therefore, defendants' motion to dismiss this claim is denied. The Court sua sponte dismisses the claim against Tavares because he is not alleged to have participated in the retaliation and Piller did not act as his agent.

### B. NYCHRL

The NYCHRL similarly prohibits retaliation against any person who has "opposed any practice forbidden under this chapter." N.Y.C. Admin. Code § 8-107(7). The retaliatory act is unlawful if it is "reasonably likely to deter a person from engaging in protected activity," even if it does not "result in an ultimate action . . . or in a materially adverse change in the terms and conditions of" housing. Id. Plaintiff plausibly pleads a retaliation claim under this standard. She alleges that she opposed

the alleged sexual harassment by filing a complaint with the police, and that defendants refused to renew her lease, which would likely deter a person from making such a complaint. Piller may be directly liable for signing the nonrenewal letter and 480 East 21st Street, LLC and M.P. Management, LLC may be vicariously liable for the action of their agent. N.Y.C. Admin. Code § 8-107(7) & (13)(a). Therefore, defendants' motion to dismiss this claim is denied but the Court sua sponte dismisses it against Tavares.

**III. Assault Claim**

480 East 21st Street, LLC and M.P. Management, LLC move to dismiss plaintiff's claim for assault under New York common law, arguing they are not vicariously liable. Defs.' Mem. at 13–16. "Under the doctrine of respondeat superior, an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment." N.X. v. Cabrini Med. Ctr., 765 N.E.2d 844, 847 (N.Y. 2002). Plaintiff pleads no facts to indicate that Tavares' alleged assault was anything but "a clear departure from the scope of employment, [and] committed for wholly personal motives." Id. Therefore, defendants' motion to dismiss this claim is granted.

**IV. Remaining Arguments**

Plaintiff's request that the Court deny defendants' motion for failure to comply with Local Civil Rule 7.1 is denied. Pl.'s Opp'n at 19–20. Defendants filed a notice of motion and a memorandum of law citing authorities as required by that rule. Plaintiff's request that the Court allow her leave to replead should it grant the motion to dismiss is denied as well. Pl.'s Opp'n at 20. While leave to amend should be granted "freely," Fed. R. Civ. P. 15(a), she "has failed to specifically explain how she might amend the

9

Complaint to cure its pleading deficiencies." La Russo v. St. George's Univ. Sch. of Med., --- F. Supp. 2d ---, 2013 WL 1285412, at *8 n.8 (S.D.N.Y. Mar. 28, 2013).

## CONCLUSION

For the foregoing reasons, the Court (1) GRANTS defendants' motion to dismiss the FHA sex discrimination claim and sua sponte dismisses the claim against Tavares; (2) GRANTS defendants' motion to dismiss the NYCHRL sex discrimination claim with respect to Piller but DENIES it with respect to the other defendants; (3) DENIES defendants' motion to dismiss the FHA and NYCHRL retaliation claims but sua sponte dismisses the claims against Tavares; and (4) GRANTS defendants' motion to dismiss the assault claim.

**SO ORDERED.**

Dated:    Brooklyn, New York
           August 28, 2013

                                                  /s/
                                              I. Leo Glasser
                                              United States District Judge